People v Crews (2018 NY Slip Op 06257)





People v Crews


2018 NY Slip Op 06257


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-13453
 (Ind. No. 882/16)

[*1]The People of the State of New York, respondent,
v
Shaun Crews, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered November 30, 2016, convicting him of robbery in the first degree, after a nonjury trial, and sentencing him to a determinate term of imprisonment of 17 years.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to a determinate term of imprisonment of 12 years; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court